# 20-3785-cv

## United States Court of Appeals

*for the*

## Second Circuit

DR. RUPERT GREEN,

*Plaintiff-Appellant,*

– v. –

DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,
THE UNITED FEDERATION OF TEACHERS,

*Defendants-Appellees,*

CARMEN FARINA, Former Chancellor, sued individually and officially,

*Defendant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-APPELLEE
## THE UNITED FEDERATION OF TEACHERS

ORIANA VIGLIOTTI
LAW OFFICE OF ROBERT T. REILLY, ESQ.
*Attorneys for Defendant-Appellee*
*The United Federation of Teachers*
52 Broadway, 9th Floor
New York, New York 10004
(212) 228-3382

## **DISCLOSURE STATEMENT**

Pursuant to Fed. R. App. P. 26.l(a), the United Federation of Teachers, Local 2, AFT, AFL-CIO ("UFT") states that it is an unincorporated association without a parent corporation. There is no publicly held corporation that owns 10% or more of its (non-existent) stock.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................. iii

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ........................... 1

STATEMENT OF THE CASE ............................................................... 1

STATEMENT OF FACTS .................................................................... 3

PROCEDURAL HISTORY ................................................................... 5

SUMMARY OF THE ARGUMENT ........................................................ 7

STANDARD OF REVIEW .................................................................. 8

ARGUMENT ................................................................................. 8

I.    The District Court Properly Adopted the *Green R&R II* in its Entirety and Correctly Dismissed the Amended Complaint ................ 8

    A.    The District Court Correctly Held It Lacked Subject Matter Jurisdiction Over Green's DFR Claim as Green Was a Public Employee ................................................... 9

    B.    The District Court Correctly Dismissed Green's First and Fourteenth Amendment Constitutional Claims ................ 10

        1.    Green Was Afforded Sufficient Due Process Under the Law and His Fourteenth Amendment Claim Was Properly Dismissed ..................................... 11

        2.    The UFT Did Not "Collaborate" With the DOE to Deny Green a Fair Hearing, and Green's Constitutional Claims Against the UFT Were Properly Dismissed ......................................... 15

    C.    The District Court Correctly Declined to Assert Supplemental Jurisdiction Over Green's State Law Claims ................................................................ 16

        1.    Green's State Law Claims are Subject to Dismissal ..................................................... 17

a.     Green's Claim of Retaliation Under New York State Civil Service Law § 75-b Fails ..........17

b.     Green's Claims for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress Fail Against the UFT ...................................................18

CONCLUSION .......................................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Adams v. New York State Educ. Dep't*,
752 F. Supp. 2d 420 (S.D.N.Y. 2010) ....................................................14

*Betts v. Shearman*,
751 F.3d 78 (2d Cir. 2014) ...................................................................16

*Carnegie-Mellon University v. Cohill*,
484 U.S. 343 (1988) .............................................................................16

*Ciambriello v. Cty. of Nassau*,
292 F.3d 307 (2d Cir. 2002) ................................................................15

*Ford v. D.C. 37 Union Local 1549*,
579 F.3d 187 (2d Cir. 2009) ...............................................................7, 9

*Franco v. Lee*,
316 F.3d 299 (2d Cir. 2003) ..............................................................8, 16

*Gear v. Dep't of Educ.*,
472 F. App'x 67 (2d Cir. 2012) ...........................................................10

*Goodman v. Port Auth. of New York & New Jersey*,
No. 10 CIV. 8352, 2011 WL 3423800 (S.D.N.Y. Aug. 4, 2011) ................ 19, 20

*Green v. Dep't of Educ. of City of N.Y.*,
No. 18 Civ. 10817 (AT) (GWG), 2019 WL 3432306
(S.D.N.Y. July 31, 2019) ................................................................. *passim*

*Green v. Dep't of Educ. of City of N.Y.*,
No. 18 Civ. 10817 (AT) (GWG), 2019 WL 4622077
(S.D.N.Y. Sept. 23, 2019) ......................................................................6

*Green v. Dep't of Educ. of City of N.Y.*,
18 Civ. 10817 (AT) (GWG), 2020 WL 5814187
(S.D.N.Y. Sept. 30, 2020) ...................................................................7, 8

*Green v. Dep't of Educ. of City of New York*,
No. 18 Civ. 10817 (AT) (GWG), 2020 WL 6530897
(S.D.N.Y. June 17, 2020) ................................................................. *passim*

iii

*Haas v. New York City Dep't of Educ.*,
   2012 N.Y. Slip Op. 50606(U) (Sup. Ct. N.Y. Cty. 2012), *aff'd as mod.*,
   106 A.D.3d 620 (1st Dep't 2013) ..........................................................................12

*Hoblock v. Albany Cty. Ed. of Elections*,
   422 F.3d 77 (2d Cir. 2005) ...................................................................................8

*Howell v. New York Post Co.*,
   81 N.Y.2d 115 (1993) ..........................................................................................18

*Liu v. New York City Bd./Dep't of Educ.*,
   2012 N.Y. Slip Op. 30008(U) (Sup. Ct. N.Y. Cty. 2014), *aff'd as mod.*,
   107 A.D.3d 464 (1st Dep't 2013) ..........................................................................12

*Malast v. Civil Serv. Employees Ass'n, Inc., Local 830, AFSCME, AFL-CIO*,
   474 F. App'x 829 (2d Cir. 2012) ............................................................................9

*Martin v. Curran*,
   303 N.Y. 276 (1951) ...................................................................................... 19, 20

*Mason Tenders Dist. Council of Greater New York v. WTC Contracting, Inc.*,
   No. 06 CIV. 14200 (JGK), 2007 WL 2119897 (S.D.N.Y. July 23, 2007)..........20

*McDonald v. New York City Bd./Dep't of Educ.*,
   2015 WL 4038759 (Sup. Ct. N.Y. Cty. 2015)........................................................12

*Menchin v. New York City Dep't of Educ.*,
   2011 N.Y. Slip Op. 51344(U) (Sup. Ct. Rockland Cty. 2011) ............................12

*Mendez v. New York City Bd./Dep't of Educ.*,
   2014 WL 7496576 (Sup. Ct. N.Y. Cty. 2014)........................................................12

*Modeste v. Local 1199, Drug, Hosp. & Health Care Emps. Union*,
   850 F. Supp. 1156 (S.D.N.Y. 1994) .....................................................................20

*Piña-Pena v. New York City Dept. of Educ.*,
   2014 N.Y. Slip Op. 30893(U) (Sup. Ct. N.Y. Cty. 2014) ....................................14

*Pocino v. New York City Bd./Dep't of Educ.*,
   2011 N.Y. Slip Op. 51513(U) (Sup. Ct. N.Y. Cty. 2011) ....................................12

*Roman v. Dep't of Educ. of the City of New York*,
   2014 N.Y. Slip Op. 30472(U) (Sup. Ct. N.Y. Cty. 2014), *aff'd*,
   128 A.D.3d 590 (1st Dep't 2015) ..........................................................................12

*Sacino v. Warwick Valley Cent. Sch. Dist.*,
   29 N.Y.S.3d 57 (2d Dep't 2016) ..........................................................................18

iv

*Salemeh v. Toussaint*,
  2003 WL 23945600 (Sup. Ct. N.Y. Cty. 2003), *aff'd as modified sub nom*.
  810 N.Y.S.2d 1 (2006)...........................................................................19

*Sales v. New York City Transit Auth.*,
  No. 08 CIV. 3420 (LAP), 2010 WL 87758 (S.D.N.Y. Jan. 7, 2010)..................19

*Sharpe v. Conole*,
  386 F.3d 482 (2d Cir. 2004) ...................................................................8

*Simons Koppel v. New York City Dep't of Educ.*,
  2011 N.Y. Slip Op. 32160(U) (Sup. Ct. N.Y. Cty. 2011) ....................13

*Soleyn v. New York City Dep't of Educ.*,
  33 Misc. 3d 1211(A), 2011 N.Y. Slip Op. 51897(U)
  (Sup. Ct. N.Y. Cty. 2011).......................................................................12

*Taggart v. Costabile*,
  14 N.Y.S.3d 388 (2d Dep't 2015) ......................................................19

*U.S. Info. Sys., Inc. v. Int'l Broth. of Elec. Workers Local Union No. 3, AFL-CIO*,
  No. 00 CIV. 4763 (RMB), 2002 WL 91625 (S.D.N.Y. Jan. 23, 2002) ..............20

*White-Grier v. New York City Bd./Dep't of Educ.*,
  2012 N.Y. Slip Op. 32466 (Sup. Ct. N.Y. Cty. 2012)..........................12

*Williams v. New York City Dep't of Educ.*,
  2014 N.Y. Slip Op. 32258(U) (Sup. Ct. N.Y. Cty. 2014)....................12

## Statutes & Other Authorities:

First Amendment to the U.S. Constitution ................................ 6, 10, 15

Fourteenth Amendment to the U.S. Constitution .................................. 6, 10, 11, 14

28 U.S.C. § 1367(a) ...............................................................................16

29 U.S.C. § 185 ............................................................................ *passim*

42 U.S.C. § 1983 .................................................................... 10, 15

CPLR Article 75.......................................................................................5

CPLR § 215(3)...................................................................................20

N.Y. Civil Service Law § 75-b ...................................................... 17, 18

N.Y. Civil Service Law § 75-b(1)(a) ................................................. 17, 18

N.Y. Civil Service Law § 200 ............................................................3

N.Y. Educ. Law § 2590-f(1)(b) ........................................................13

N.Y. Educ. Law § 2590-h(19) ..........................................................13

N.Y. Educ. Law § 2590-h(38) ..........................................................13

N.Y. Educ. Law § 3020-a ......................................................... *passim*

N.Y. Educ. Law § 3020-a(2) .............................................................13

N.Y. General Associations Law § 13 ................................................19

## <u>STATEMENT OF THE ISSUES PRESENTED FOR REVIEW</u>

Did the District Court properly dismiss the duty of fair representation claim ("DFR") brought by former public employee Rupert Green against the United Federation of Teachers ("UFT") under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. 185, for lack of subject matter jurisdiction?

Did the District Court properly dismiss Green's constitutional claims against the UFT, a private actor, where Green failed to allege any facts to support that the UFT colluded with defendant New York City Department of Education ("DOE") to deny him his constitutional rights and where the DOE did not act to violate Green's constitutional rights?

Did the District Court properly decline to exercise supplemental jurisdiction over Green's state law claims after dismissing his federal claims with prejudice at an early stage in the proceeding?

## <u>STATEMENT OF THE CASE</u>

This appeal is Green's fourth attempt to overturn the termination of his employment with the DOE. While employed as a teacher with the DOE, Green sent inappropriate and unprofessional emails to staff members at his school in violation of the DOE's internet use policy. The DOE brought Education Law § 3020-a charges against Green, and after a 12-day hearing in which 17 witnesses testified, the hearing officer terminated Green's employment. Green attempted to vacate his

1

termination in state court and was unsuccessful. He then sued the DOE in District Court alleging various constitutional and state law violations. That lawsuit was dismissed with leave to amend, and Green filed the Amended Complaint, where he added his former union, the UFT, as a defendant. In the Amended Complaint, Green alleged that the UFT breached its DFR and violated his constitutional rights and his rights under state law.

In a thorough and well-reasoned decision, Magistrate Judge Gabriel W. Gorenstein recommended dismissal of all of Green's claims against the UFT and the DOE. In the decision, Magistrate Gorenstein held that the court lacked subject matter jurisdiction over Green's DFR claim and further held that Green failed to set forth any facts to support a claim that the DOE violated his constitutional rights or that the UFT somehow colluded with the DOE to violate Green's constitutional rights. The Honorable Analissa Torres agreed, adopted the recommendation in its entirety, and dismissed the Amended Complaint. The decision below was correct. Green, a former public employee, cannot maintain a DFR suit under Section 301 of the LMRA as pled in the Amended Complaint. Further, the UFT, a private actor, did not violate Green's constitutional rights, and indeed was not involved in the DOE's decision to bring charges against Green or the subsequent termination hearing. Accordingly, the decision below was correct and should be affirmed.

2

## STATEMENT OF FACTS

From approximately February 2001 to April 2016, Green was a tenured teacher employed by the DOE, specializing in computer technology and Career Technical Education ("CTE"). A 70 [Amended Complaint ("AC") ¶ 10][1]. Throughout his employment with the DOE, Green taught at the School of Cooperative Technical Education ("Coop Tech"), a multi-site high school that specializes in CTE and vocational trade. *Id.* Green was also a member of the UFT. *See* A 72-73 [AC ¶ 20].

The UFT is an unincorporated labor organization, which operates pursuant to the New York General Associations Law. The UFT is also an employee organization pursuant to the New York Public Employees' Fair Employment Act, New York Civil Service Law §§ 200, *et seq*. (the "Taylor Law"). As such, the UFT is the exclusive bargaining representative for all non-supervisory pedagogical staff members employed by the DOE and is party to a collective bargaining agreement ("CBA") with the DOE.

On November 5, 2015, a Coop Tech assistant principal filed a complaint with the DOE Special Commissioner of Investigations ("SCI"), alleging that Green violated the DOE's email and Internet policy by sending inappropriate and harassing emails to Coop Tech staff. A 73 [AC ¶¶ 21, 22]. On January 28, 2016, the principal

---

[1] The Appendix is cited as "A __".

3

of Coop Tech filed another complaint with SCI alleging the same misconduct. A 73-74 [AC ¶ 23]. After conducting an investigation, the SCI substantiated both complaints. *See* A 74 [AC ¶ 24].

In April 2016, the DOE initiated disciplinary charges against Green pursuant to Education Law § 3020-a. A 64 [Affidavit ¶ 3]. The DOE alleged that Green engaged in misconduct by sending the emails that formed the underlying bases for the two SCI complaints. *See* A 74-75 [AC ¶¶ 26, 27]. A subsequent hearing was held before Hearing Officer Leah L. Murphy, Esq. *See* A 74 [AC ¶ 26]. Both parties were represented by counsel during the hearing, which took place over 12 days and involved the testimony of 17 witnesses in addition to the review by the hearing officer of 42 documentary exhibits, including all 116 of Green's emails. *See Green v. NYC Bd./Dep't of Educ.*, No. 102017/2016 (Sup. Ct. N.Y. Cty. Feb. 20, 2018) at 2. By written decision dated December 9, 2016, Hearing Officer Murphy terminated Green's employment with the DOE. A 75 [AC ¶ 27]. In the decision, Hearing Officer Murphy found that Green sent inappropriate and unprofessional emails to staff in violation of the DOE's Internet use policy. *See id.* She stated, in her decision:

> I find that due to [Green's] arrogant and oppositional refusal to comply with the [DOE's] policy, the seriously offensive, disruptive and irresponsible nature of many of the emails, and [Green's] dogged refusal to take any corrective measures or follow the clear directives of his supervisors, the [DOE] has just cause to terminate [Green]. There

4

is no remediation possible given [Green's] repeated disregard for the [DOE] policy.

*Id.* Hearing Officer Murphy also found Green guilty of insubordination. *See Green v. NYC Bd./Dep't of Educ.*, No. 102017/2016 at 4; *see also* A 74-75 [AC ¶¶ 26, 27].

On December 13, 2016, Green filed a petition pursuant to CPLR Article 75 to vacate Hearing Officer Murphy's decision in New York State Supreme Court. A 76 [AC ¶ 29]. On February 20, 2018, Justice Arthur F. Engoron denied Green's petition and upheld Hearing Officer Murphy's decision, holding that Green "failed to establish that the [decision] was arbitrary, capricious, or otherwise improper" and further held that Hearing Officer Murphy's decision was "based on overwhelming evidentiary support." *Green v. NYC Bd./Dep't of Educ.*, No. 102017/2016 at 3. In the February 20, 2018 decision, Justice Engoron specifically upheld Hearing Officer Murphy's conclusion that Green was not retaliated or discriminated against and was "given great leeway to pre-disciplinary correction of his conduct." *Id*. at 4.

## PROCEDURAL HISTORY

Green filed his original complaint against the DOE and Carmen Fariña, former Chancellor of the DOE, on November 19, 2018. A 12. Defendants moved to dismiss, and Magistrate Judge Gabriel W. Gorenstein recommended that Green's complaint be dismissed with leave to amend. *See Green v. Dep't of Educ. of City of N.Y.*, No. 18 Civ. 10817 (AT) (GWG), 2019 WL 3432306 (S.D.N.Y. July 31, 2019) (*"Green R&R I"*). Judge Analissa Torres adopted *Green R&R I* in its entirety on

5

September 23, 2019. *See Green v. Dep't of Educ. of City of N.Y.*, No. 18 Civ. 10817 (AT) (GWG), 2019 WL 4622077 (S.D.N.Y. Sept. 23, 2019). The September 23, 2019 decision held that "[e]ven construing [Green's] objections to the [Report and Recommendation] broadly because he is proceeding *pro se*, his objections are conclusory, vague, and fail to state any specific basis for not adopting the [Report and Recommendation]." *Green*, 2019 WL 4622077, at *2. (citations omitted).

Green then filed the Amended Complaint on October 22, 2019 and added the UFT as a defendant. A 66-83 [AC]. In the Amended Complaint, Green alleged due process violations and violations under state law, the First and Fourteenth Amendment, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. *See id*. Defendants moved to dismiss the Amended Complaint, and on June 17, 2020 Magistrate Gorenstein recommended dismissal of the Amended Complaint without leave to amend. *See Green v. Dep't of Educ. of City of New York*, No. 18 Civ. 10817 (AT) (GWG), 2020 WL 6530897 (S.D.N.Y. June 17, 2020) ("*Green R&R II*"); A 17-32. As to Green's claims against the UFT, Magistrate Gorenstein held that the UFT "cannot be liable for [Green's] First and Fourteenth Amendment claims" because the UFT did not "collude" with the DOE; Green did not plead any "facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." A 30 (citation omitted). The *Green R&R II* also held that Green's 29 U.S.C. § 185 claim, or duty of fair

representation claim, should be dismissed, as the Southern District "lacks subject matter jurisdiction over a duty of fair representation claim brought under 29 U.S.C. § 185 by a public employee." A 31 (citations omitted). Moreover, the *Green R&R II* reiterated that Green "received all the process he was due." A 26. Green filed objections to the *Green R&R II*. A 13. The Honorable Analisa Torres, in an Order dated September 30, 2020, held that Green's objections to the *Green R&R II* "either restate arguments [Green] previously made, or are conclusory or vague and 'fail to state any specific basis for not adopting the [*Green R&R II*].'" *Green v. Dep't of Educ. of City of N.Y.*, 18 Civ. 10817 (AT) (GWG), 2020 WL 5814187 (S.D.N.Y. Sept. 30, 2020); A 14 (citations omitted). Therefore, the Order adopted the *Green R&R II* in its entirety and granted the DOE and UFT motions to dismiss. A 16. Green then filed the instant appeal.

## SUMMARY OF THE ARGUMENT

The District Court properly dismissed the Amended Complaint against the UFT for lack of subject matter jurisdiction because Green, a former public employee, brought suit against the UFT for breach of the duty of fair representation under Section 301 of the LMRA, 29 U.S.C. § 185, which specifically exempts public employees from coverage. It is well-settled that federal courts lack subject matter jurisdiction over DFR claims brought by public employees. *See Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009). In addition, the District Court

7

properly dismissed the Amended Complaint for failure to state a claim as to Green's constitutional claims against the UFT, a private actor, as the Amended Complaint did not - and could not - sufficiently allege that the UFT conspired with the DOE to deny Green his constitutional rights. Finally, the District Court properly declined to assert supplemental jurisdiction over Green's state law claims as it dismissed each of his federal claims with prejudice at an early stage of the proceeding. *See Franco v. Lee*, 316 F.3d 299, 306-07 (2d Cir. 2003).

## STANDARD OF REVIEW

This Court's review of the District Court's September 30, 2020 Order dismissing Green's Amended Complaint is *de novo*. *See Hoblock v. Albany Cty. Ed. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005) (affirming dismissal of claim for lack of subject matter jurisdiction); *Sharpe v. Conole*, 386 F.3d 482, 483 (2d Cir. 2004) (affirming dismissal of *pro se* complaint).

## ARGUMENT

I.  The District Court Properly Adopted the *Green R&R II* in its Entirety and Correctly Dismissed the Amended Complaint

In a succinct, five-page decision rejecting Green's objections to the *Green R&R II*, Judge Torres adopted the *Green R&R II* "in its entirety" and dismissed the Amended Complaint. *Green*, 2020 WL 5814187, at *3. As explained below, the

District Court's decision to dismiss the Amended Complaint was proper, and the decision below should be affirmed.

A. The District Court Correctly Held It Lacked Subject Matter Jurisdiction Over Green's DFR Claim as Green Was a Public Employee

Green's chief complaint against the UFT - the collective bargaining representative for all DOE-employed teachers - was one for breach of the duty of fair representation. Green asserted in the Amended Complaint that the UFT committed "violations pursuant to 29 U.S.C. § 185" based on an allegation that "[w]hile and after plaintiff was employed by the [DOE], the [UFT] used a 'hands off' policy which led him into a 3020-a without proper determination of probable cause and other denial of his tenured, protected rights including those included in the Contract." A 80 [AC ¶ 47]; *see Green R&R II*, 2020 WL 6530897, at *7 ("Green allege[d] that the UFT breached its duty of fair representation"). Green further claimed that "[j]urisdiction [over his DFR claim] is specifically conferred on this Court by Labor Management Relations Act, Section 301." A 69 [AC ¶ 8].

However, as Magistrate Gorenstein correctly noted, it is well-settled that "public employees may not bring federal [DFR] claims or claims under Section 301 of the LMRA, 29 U.S.C. § 185." *Green R&R II*, 2020 WL 6530897, at *7; *Malast v. Civil Serv. Employees Ass'n, Inc., Local 830, AFSCME, AFL-CIO*, 474 F. App'x 829 (2d Cir. 2012); *Ford*, 579 F.3d at 188 (noting that "[a]s the language of the

9

LMRA makes plain, public employees are not covered by that statute"); *Gear v. Dep't of Educ.*, 472 F. App'x 67 (2d Cir. 2012) (affirming dismissal of DFR claim brought by public school district employee for lack of subject matter jurisdiction).

At all operative times, Green was employed by the DOE, which is unquestionably a public employer, and Green was thus a public employee. *See* A 70 [AC ¶ 9] ("[a]t all times relevant herein, Plaintiff was a public employee of Defendants"); *Green R&R II*, 2020 WL 6530897, at *8 (recommending dismissal of DFR claim for lack of subject matter jurisdiction noting that "Green does not contest that he is a public employee — indeed he pled that he "was a public employee of Defendants"). Accordingly, Green's DFR claim is not covered by the LMRA and the District Court properly dismissed Green's claim for lack of subject matter jurisdiction.

B. The District Court Correctly Dismissed Green's First and Fourteenth Amendment Constitutional Claims

In the Amended Complaint, Green lodged a slew of constitutional claims brought under 42 U.S.C. § 1983, each of which was properly dismissed by the District Court. *See Green R&R II*, 2020 WL 6530897, at *5-*7.

10

1.  Green Was Afforded Sufficient Due Process Under the Law and His
    Fourteenth Amendment Claim Was Properly Dismissed

The crux of Green's Amended Complaint is his dissatisfaction with the decision of the DOE to bring Education Law § 3020-a charges against him to terminate his employment and the process with which the subsequent arbitration was initiated and conducted.  *See* Brief of Appellant ("App. Br.") at 5 ("the gravamen of this matter is the claim of a New York City public school teacher that [DOE] wrongfully charged and terminated him . . . and that he was denied Constitutional due process procedures before his hearing began . . .").

However, as Magistrate Judge Gorenstein painstakingly set forth in his decision recommending dismissal of Green's initial complaint against the DOE (*Green R&R I*) and then reaffirmed in *Green R&R II*, the manner in which the DOE initiated and conducted Green's Education Law § 3020-a hearing was proper under the law, and Green "received all the process he was due."  *See Green R&R I*, 2019 WL 3432306, at *19; *Green R&R II*, 2020 WL 6530897, at *9.

In this Court, Green again argues that his procedural due process rights were violated because charges against him were brought by his principal rather than by a vote of the executive session of the school board, App. Br. at 6-7, 19-21; *see also* A 81-82 [AC ¶¶ 49-51], and that he was improperly prevented from participating in the selection of the arbitrator for his Education Law § 3020-a hearing.  App. Br. at

7.   In support of his arguments, Green again relies heavily on the oft-rejected, unpublished decision in *Cardinale v. New York City Department of Education*, No. 85165/2017 (Sup. Ct. Richmond Cty. March 29, 2018) (located at A 51-62).  *See* App. Br. at 18-21.  In *Cardinale*, a New York State Supreme Court justice vacated a hearing officer's decision terminating a tenured DOE teacher based, in part, on the court's finding that the DOE had not properly delegated authority to the Chancellor to prefer Education Law § 3020-a charges against the respondent teacher without a vote of the "Board of Education." *Cardinale*, Index No. 85165-2017, at 5-11.

However, as myriad courts including the court below have noted, *Cardinale* was wrongly decided and remains an outlier.[2]  *See, e.g., Green R&R I*, 2019 WL

---

[2]  *Cardinale* is a significant outlier, and the District Court, as well as at least 15 different trial and appellate level courts have correctly rejected the arguments set forth in the decision.  *See Green R&R II*, 2020 WL 6530897, at *10 (noting the court previously rejected *Cardinale*  as "unpersuasive") *citing Green R&R I*, 2019 WL 3432306, at *9 ("[T]he [*Cardinale*] decision, however, is not controlling authority, and we find its reasoning unpersuasive."); *see also Menchin v. New York City Dep't of Educ.*, 2011 N.Y. Slip Op. 51344(U) (Sup. Ct. Rockland Cty. 2011) (affirmative vote of Board of Education is not required to prefer Education Law § 3020-a charges; Chancellor has the authority to prefer Education Law § 3020-a charges, which can be delegated to superintendents, who may further delegate such authority to local school principals); *McDonald v. New York City Bd./Dep't of Educ.*, 2015 WL 4038759, Index No. 652713-2014 (Sup. Ct. N.Y. Cty. 2015) (same); *Roman v. Dep't of Educ. of the City of New York*, 2014 N.Y. Slip Op. 30472(U) (Sup. Ct. N.Y. Cty. 2014), *aff'd*, 128 A.D.3d 590 (1st Dep't 2015) (same); *Williams v. New York City Dep't of Educ.*, 2014 N.Y. Slip Op. 32258(U) (Sup. Ct. N.Y. Cty. 2014) (same); *Mendez v. New York City Bd./Dep't of Educ.*, 2014 WL 7496576, Index No. 651903-2013 (Sup. Ct. N.Y. Cty. 2014) (same); *Liu v. New York City Bd,/Dep't of Educ.*, 2012 N.Y. Slip Op. 30008(U) (Sup. Ct. N.Y. Cty. 2014), *aff'd as mod.*, 107 A.D.3d 464 (1st Dep't 2013) (same); *Haas v. New York City Dep't of Educ.*, 2012 N.Y. Slip Op. 50606(U) (Sup. Ct. N.Y. Cty. 2012), *aff'd as mod.*, 106 A.D.3d 620 (1st Dep't 2013) (same); *White-Grier v. New York City Bd./Dep't of Educ.*, 2012 N.Y. Slip Op. 32466 (Sup. Ct. N.Y. Cty. 2012) (same); *Pocino v. New York City Bd./Dep't of Educ.*, 2011 N.Y. Slip Op. 51513(U) (Sup. Ct. N.Y. Cty. 2011) (same); *Soleyn v. New York City Dep't of Educ.*, 33 Misc.3d 1211(A), 2011 N.Y. Slip Op. 51897(U) (Sup. Ct. N.Y. Cty. 2011) (same);

3432306, at *9 (collecting cases and noting that the *Cardinale* decision was wholly

"unpersuasive"); *Green R&R II*, 2020 WL 6530897, at *5 (same). An affirmative

vote of the Board of Education is not required to bring charges against tenured

teachers employed by the DOE. As Magistrate Gorenstein correctly explained in

*Green R&R I*:

> N.Y. Educ. Law § 2590-h(38) gives the Chancellor the power "[t]o exercise all of the duties and responsibilities of the employing board as set forth in section three thousand twenty-a of this chapter with respect to any member of the teaching or supervisory staff of schools under the jurisdiction of the community district education councils." As noted, N.Y. Educ. Law § 3020-a(2) gives the "employing board" the power to determine whether probable cause exists to bring disciplinary charges against an employee following a vote of the majority of all of its members in executive session. N.Y. Educ. Law § 2590-h(19) provides that the Chancellor may "[d]elegate any of his or her powers and duties to such subordinate officers or employees as he or she deems appropriate and to modify or rescind any power and duty so delegated." N.Y. Educ. Law § 2590-f(1)(b) further provides that in New York City, the superintendent shall have the power "to delegate any of her or his powers and duties to such subordinate officers or employees of her or his community district as she or he deems appropriate, at his or her sole discretion, and to modify or rescind any power and duty so delegated."

*Green R&R I*, 2019 WL 3432306 at *5.

---

*Simons Koppel v. New York City Dep't of Educ.*, 2011 N.Y. Slip Op. 32160(U) (Sup. Ct. N.Y. Cty. 2011) (affirmative vote not required; superintendents have the authority to prefer charges.).

Thus, as the court below correctly noted, the DOE Chancellor has the authority to delegate the process of preferring charges against tenured teachers to the District Superintendent, who in turn has the authority to delegate the process to local school principals. *See Piña-Pena v. New York City Dept. of Educ.*, 2014 N.Y. Slip Op. 30893(U) (Sup. Ct. N.Y. Cty. 2014). This is exactly how the DOE processed the charges brought against Green. Green was provided with written notice of the charges against him dated April 22, 2016, A 64 [Affidavit ¶ 3], for which he was afforded a hearingwhere he was able to confront the DOE's witnesses and documentary evidence against him as well as present his own arguments in defense through counsel of his choosing. A 75 [AC ¶¶ 26-28]. As Magistrate Gorenstein correctly held, "this is all the process that Green was due under the Fourteenth Amendment." *Green R&R II*, 2020 WL 6530897, at *5 (citing *Green R&R I*, 2019 WL 3432306, at *8); *see also Adams v. New York State Educ. Dep't*, 752 F. Supp. 2d 420, 456-57 (S.D.N.Y. 2010) (holding that although tenured New York City teachers were not permitted to participate in the selection of an arbitrator and that charges against them were not brought pursuant to vote of the school board, this did not "affect whether a tenured teachers receives 'oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story,' as due process requires") (citations omitted).

2.  The UFT Did Not "Collaborate" With the DOE to Deny Green a
    Fair Hearing, and Green's Constitutional Claims Against the UFT
    Were Properly Dismissed

The District Court also correctly rejected Green's First Amendment retaliation

claim, stigma-plus claim, and equal protection claim.  Private actors such as labor

unions may only be subject to suits under Section 1983 for constitutional violations

where the "private entity acted in concert with the state actor to commit an

unconstitutional act" or was a "willful participant in joint activity with the State or

its agents."  *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002)

(quotations omitted).

Even broadly construing the Amended Complaint in the light most favorable

to Green, as the court below did, *see Green R&R II*, 2020 WL 6530897, at *4, the

Amended Complaint contained no allegations of any conspiracy between the UFT

and the DOE to violate Green's constitutional rights.  Nor did the Amended

Complaint contain any plausible constitutional violation on the part of the DOE.  As

Magistrate Gorenstein held, the allegations in the Amended Complaint "are

conclusory and thus nowhere near sufficient to allege that 'an official policy of the

municipality caused the constitutional injury,'" *Green R&R II*, 2020 WL 6530897,

at *5, as required to find a constitutional violation on the part of the DOE.  Thus, the

court properly dismissed the constitutional claims against the UFT, holding that

because "none of Green's constitutional allegations survive, *a fortiori*, Green has not

pled any 'facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.'" *Id.* at *7 (citing *Betts v. Shearman*, 751 F3d 78, 86 (2d Cir 2014) (dismissing constitutional claims)).

C. The District Court Correctly Declined to Assert Supplemental Jurisdiction Over Green's State Law Claims

As Magistrate Gorenstein correctly stated, "the Court's authority to hear Green's state law claims is premised only on its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a)." *Id.* at *8 (citing *Green R&R I*, 2019 WL 3432306. at *12 & n. 7). The Supreme Court explained in *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Here, the District Court correctly declined to exercise supplemental jurisdiction over Green's state law claims due to the early stage of the dismissal (with prejudice) of Green's federal claims. *Green R&R* II, 2020 WL 6530897, at *8 (stating that "[b]ecause this case is still in an early stage, the court should decline to exercise jurisdiction over Green's remaining state law claims"); *see also Franco v. Lee*, 316 F.3d 299, 306-07 (2d Cir. 2003) (noting that due to the "relatively early stage of the case," there were "judicial economies to be achieved by declining to exercise

16

supplemental jurisdiction" over state law claims that remained after the dismissal of all federal law claims).

### 1. Green's State Law Claims are Subject to Dismissal

However, even if the District Court had exercised supplemental jurisdiction over Green's state law claims, those claims are subject to dismissal on the merits, and the District Court correctly dismissed Green's state law claims. *See Green R&R II*, 2020 WL 6530897, at *8 (noting that "we agree that these claims would likely fail for the reasons stated in the defendants' briefs").

### a. Green's Claim of Retaliation Under New York State Civil Service Law § 75-b Fails

Green failed to state a claim against the UFT under New York Civil Service Law § 75-b, as this statutory provision concerns retaliatory actions by public employers. The UFT is not a public employer as defined by the Civil Service Law, and therefore is excluded from the statute's requirements. New York Civil Service Law § 75-b(1)(a) states:

> 'Public employer' or 'employer' shall mean (i) the state of New York, (ii) a county, city, town, village or any other political subdivision or civil division of the state, (iii) a school district or any governmental entity operating a public school, college or university, (iv) a public improvement or special district, (v) a public authority, commission or public benefit corporation, or (vi) any other public corporation, agency, instrumentality or unit of government which exercises governmental power under the laws of the state.

N.Y. Civ. Serv. Law § 75-b(1)(a). The UFT is an unincorporated labor organization, which operates pursuant to the New York General Associations Law, not a public employer. Accordingly, Green's Civil Service Law § 75-b claim fails against the UFT.

      b. Green's Claims for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress Fail Against the UFT

Green's claims for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED") also fail on the merits. Moreover, Green's IIED claim is time-barred. To prove IIED, a plaintiff must show: (i) extreme and outrageous conduct; (ii) an intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress. *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (1993).

A cause of action to recover damages for NIED "generally requires a plaintiff to show a breach of a duty owed to him which unreasonably endangered his physical safety, or caused him to fear for his own safety." *Sacino v. Warwick Valley Cent. Sch. Dist.*, 29 N.Y.S.3d 57, 60 (2d Dep't 2016). An NIED claim alleging only emotional harm and no physical injury must show that the emotional harm was a "direct, rather than a consequential result of the breach [of the duty of care], and the

claim must possess some guarantee of genuineness." *Taggart v. Costabile*, 14 N.Y.S.3d 388, 398 (2d Dep't 2015).

In this case, as stated *supra*, the only allegation referencing the UFT in the Amended Complaintargues that the UFT "used a 'hands off' policy" towards Green prior to the DOE seeking to terminate his employment. A 80 [AC ¶ 47]. Therefore, these claims fail on the merits, as the Amended Complaint includes neither specific nor negligent conduct by the UFT that meets the high bar of proving IIED or NIED.

Additionally, Green failed to plead sufficient allegations to state an IIED claim or an NIED claim against the UFT under *Martin v. Curran*, 303 N.Y. 276 (1951). As set forth above, *Martin v. Curran* holds that, under Section 13 of the New York General Associations Law, "a union cannot be held liable for intentional torts absent a showing that every member of the union ratified the alleged tortious conduct." *Sales v. New York City Transit Auth.*, No. 08 CIV. 3420 (LAP), 2010 WL 87758, at *6 (S.D.N.Y. Jan. 7, 2010) (citing *Martin*, 303 N.Y. at 282). "[I]t has long been held that actions against a union for 'tortious wrongs' are limited 'to cases where the individual liability of every single member can be alleged and proven.'" *Salemeh v. Toussaint*, 2003 WL 23945600, at *1 (Sup. Ct. N.Y. Cty. 2003) *aff'd as modified sub nom*. 810 N.Y.S.2d 1 (2006) (citing *Martin*, 303 N.Y. at 282).

In *Goodman v. Port Authority of New York & New Jersey*, a union member sued his union alleging IIED , among other claims. *Goodman v. Port Auth. of New*

*York & New Jersey*, No. 10 CIV. 8352, 2011 WL 3423800, at *10 (S.D.N.Y. Aug. 4, 2011). The court dismissed the claim under *Martin*, holding that the union is an unincorporated voluntary labor organization and that the complaint was devoid of allegations sufficient to establish that the entire membership of the union ratified, authorized or participated in the alleged misconduct. *Id*; *see also Mason Tenders Dist. Council of Greater New York v. WTC Contracting, Inc.*, No. 06 CIV. 14200 (JGK), 2007 WL 2119897 (S.D.N.Y. July 23, 2007) (dismissing state claims for tortious interference with contract against union and individual union officer and vicarious liability of union for the alleged misconduct of its officer); *U.S. Info. Sys., Inc. v. Int'l Broth. of Elec. Workers Local Union No. 3, AFL-CIO*, No. 00 CIV. 4763 (RMB), 2002 WL 91625 (S.D.N.Y. Jan. 23, 2002) (dismissing tortious interference claim against union pursuant to *Martin*); *Modeste v. Local 1199, Drug, Hosp. & Health Care Emps. Union*, 850 F. Supp. 1156 (S.D.N.Y. 1994) (dismissing pursuant to *Martin* a state tort claim of assault brought by union members alleging other members assaulted them during the course of labor actions). Here, Green has failed to allege that all UFT members ratified the alleged actions taken against him; therefore, he has failed to state a claim for his IIED and NIED state tort claims.

Finally, the statute of limitations for IIED begins to run one year from the injurious act. N.Y. CPLR § 215(3). Assuming *arguendo* that the date of Green's injury was December 9, 2016, the date on which his employment with the DOE was

20

terminated, the statute of limitations for IIED was well-expired by the time Green

filed the instant action.

## **CONCLUSION**

The decision of the District Court should be affirmed.

Dated:      New York, New York
             February 22, 2020

Respectfully submitted,

ROBERT T. REILLY
*Attorney for Defendant-*
*Appellee United*
*Federation of Teachers*

By:     /s/ Oriana Vigliotti
        Oriana Vigliotti (OV 6784)
        Of Counsel
        52 Broadway, 9th Floor
        New York, New York 10004
        (518) 617-0253
        Oriana.Vigliotti@nysut.org

21

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B)(i) because this brief contains 5,130 words excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportional spaced typeface using Microsoft Word 2010 in 14 point Times New Roman.