# 20-3785

*United States Court of Appeals*

*for the Second Circuit*

DR. RUPERT GREEN,

*Plaintiff-Appellant,*

*against*

DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,
THE UNITED FEDERATION OF TEACHERS,

*Defendants-Appellees,*

CARMEN FARIÑA, Former Chancellor,
sued individually and officially,

*Defendant.*

On Appeal from the United States District Court
for the Southern District of New York

## BRIEF FOR MUNICIPAL APPELLEE

JAMES E. JOHNSON
*Corporation Counsel
of the City of New York*
Attorney for Municipal Appellee
100 Church Street
New York, New York  10007
212-356-4084 or -0817
jpopolow@law.nyc.gov

JONATHAN A. POPOLOW
*of Counsel*

February 23, 2021

Reproduced on Recycled Paper

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.........................................................iii

PRELIMINARY STATEMENT ................................................. 1

ISSUE PRESENTED FOR REVIEW ........................................ 2

STATEMENT OF THE CASE .................................................. 2

    A.  The termination of Green's employment....................................... 2

        1. The extensive § 3020-a hearing................................. 3

        2. Green's unsuccessful state court challenge to his termination.................................... 3

    B.  The current federal § 1983 action ............................... 4

        1. The dismissal of Green's complaint with leave to amend .................................... 5

        2. The dismissal of Green's amended complaint ....................... 6

SUMMARY OF ARGUMENT..................................................... 9

ARGUMENT ............................................................................. 10

    GREEN FAILED TO STATE A COGNIZABLE CONSTITUTIONAL CLAIM AGAINST THE DEPARTMENT OF EDUCATION................................................. 10

    A.  Green's due process claim was properly dismissed. ............... 10

    B.  Green's equal protection claims were properly dismissed....... 12

    C.  Green's First Amendment retaliation claim was properly dismissed.................................................. 14

i

## TABLE OF CONTENTS (cont'd)

**Page**

CONCLUSION ........................................................... 16

CERTIFICATE OF COMPLIANCE ....................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. N.Y. State Educ. Dep't*, 752 F. Supp. 2d 420
(S.D.N.Y. 2010) ...................................................................... 11

*Burkybile v. Bd. of Educ.*, 411 F.3d 306 (2d Cir. 2005) ......................... 15

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532
(1985) ......................................................................... 10, 11

*Green v. Bd./Dept. of Education*, No. 102017/2016
(Sup. Ct. N.Y. Cty. Feb. 20, 2018) (*Green I*) .......................................... 4

*Green v. Dep't of Educ.*, 2019 U.S. Dist. LEXIS 127545
(S.D.N.Y. Jul. 31, 2019) (*Green II*) ........................................ 5, 6, 9, 12

*Green v. Dep't of Educ.*, 2019 U.S. Dist. LEXIS 163313
(S.D.N.Y. Sep. 23, 2019) (*Green III*) ........................................ 6

*Green v. Dep't of Educ.*, 2020 U.S. Dist. LEXIS 106441
(S.D.N.Y. June 17, 2020) (*Green IV*) .............................................. 7, 8, 9

*Green v. Dep't of Educ.*, 2020 U.S. Dist. LEXIS 181005
(S.D.N.Y. Sep. 30, 2020) (*Green V*) .............................................. 9

*Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) ...................................... 10

*Jacobs v. Mostow*, 271 F. App'x 85 (2d Cir. 2008) .................................. 13

*Madden v. Kentucky*, 309 U.S. 83 (1940) ............................................. 13

*Massachusetts Bd. of Ret. v. Murgia*, 427 U.S. 307
(1976) ......................................................................... 12

*McCarthy v. SEC*, 406 F.3d 179 (2d Cir. 2005) ...................................... 9

*Monell v. Dep't of Soc. Servs. of City of New York*, 436
U.S. 658 (1978) ............................................................. *passim*

# TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*Montero v. City of Yonkers*, 890 F.3d 386 (2d Cir. 2018) ........................ 15

*Powers v. Coe*, 728 F.2d 97 (2d Cir. 1984) ............................................... 11

*Roemer v. Bd. of Educ.*, 150 F. App'x 38 (2d Cir. 2005)............. 11, 13, 15

*Washington v. New York City Dep't of Educ.,* 740 F.
App'x 730 (2d Cir. 2018) ......................................................................... 9

*Weintraub v. Board of Education*, 593 F.3d 196 (2d Cir.
2010) ....................................................................................................... 14

**Statutes**

N.Y. Education Law § 3020-a .......................................................... *passim*

42 U.S.C. § 1983 ............................................................................. *passim*

iv

## PRELIMINARY STATEMENT

Plaintiff Rupert Green was terminated from his tenured teaching position following a 12-day disciplinary hearing before an independent hearing officer in which Green, represented by counsel, called and cross-examined witnesses and presented evidence and argument. The hearing officer, after reviewing extensive documentary evidence and taking testimony from 17 witnesses, concluded that defendant the New York City Department of Education (DOE) had established just cause to terminate Green for misconduct and that Green had not shown, as he claimed, that the charges against him were brought in retaliation for him allegedly exposing corruption and racism at his school. Green unsuccessfully challenged his termination in state court. After that proceeding was dismissed, Green brought this action pro se, asserting federal § 1983 claims. He appeals from the dismissal of his complaint.

This Court should affirm. Green's due process claim fails because he received all the process to which he is constitutionally entitled. His equal protection claim fails because there is a rational basis for aspects of New York's statutory scheme for teacher discipline that treat New York City teachers differently than teachers elsewhere in the state.

## ISSUE PRESENTED FOR REVIEW

Did the district court correctly dismiss this action?

## STATEMENT OF THE CASE

Rupert Green, a tenured teacher formerly employed by the DOE, taught at the School of Cooperative Technical Education ("Coop Tech") for 15 years (Appellant's Appendix ("A") 71).

### A. The termination of Green's employment

In November 2015, a Coop Tech assistant principal filed a complaint with the DOE's Special Commissioner of Investigations (SCI) alleging that Green violated the DOE's email and internet policy (A73). In January 2016, Coop Tech's principal filed a second complaint with the SCI alleging the same misconduct (A73-74). Following an investigation, the SCI substantiated both complaints (A74). In April 2016, the DOE initiated disciplinary charges against Green under Education Law § 3020-a by serving him with a notice of determination of probable cause (A64, 101). Leah Murphy was assigned as the hearing officer for Green's § 3020-a disciplinary proceeding (ECF 54-9 at 2).[1]

---

[1] Citations in the form "ECF __" refer to entries on the district court docket.

2

### 1. The extensive § 3020-a hearing

Hearing Officer Murphy presided over a 12-day evidentiary hearing in which the DOE and Green both were represented by counsel (ECF 54-9 at 2-3). During the hearing, 17 witnesses testified and 42 documentary exhibits were entered in evidence (*id*.). All 116 of Green's emails at issue were reviewed in full by Murphy (ECF 54-9 at 35-113).[2]

Hearing Officer Murphy found that the DOE had proven, by a preponderance of the evidence, six of the nine disciplinary charges against Green (ECF 54-9 at 3-4, 124-26). Based on these findings of guilt, Murphy determined that termination of Green's employment was an appropriate penalty (*id*.).

### 2. Green's unsuccessful state court challenge to his termination

Green subsequently brought a proceeding in New York State Supreme Court seeking to vacate the hearing officer's decision and award (A76). While it appears that Green initiated this proceeding pro se, he was otherwise represented by counsel during it (*see* ECF 54-1).

---

[2] Green submitted Murphy's entire 126-page decision and award as part of his opposition to defendants' motions to dismiss his amended complaint (*see* ECF 54-9).

The state court dismissed the proceeding, finding that Green had "failed to establish that" Murphy's decision terminating his employment "was arbitrary or capricious, or otherwise improper," as it was "based on overwhelming evidentiary support." *Green v. Bd./Dept. of Education*, No. 102017/2016 (Sup. Ct. N.Y. Cty. Feb. 20, 2018) (*Green I*).[3] The court rejected Green's argument that "the disciplinary charges were brought against him in an effort to retaliate against him for exposing corruption and racism," noting that Murphy had "duly considered this argument during the [h]earing and found it unpersuasive." *Green I*, at 4.

## B. The current federal § 1983 action

Green noticed but never perfected an appeal from the dismissal of his state court challenge to his termination.[4] Instead, proceeding pro se, he sued the DOE and former Chancellor Fariña in federal district court under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights and assorted pendent state law claims (ECF 1).

---

[3] Green annexed the state court decision to his opposition to the DOE's motion to dismiss the complaint (*see* ECF 22 at 36-40; *see also* ECF 16-1, ECF 46-2). This decision is unreported but available at New York County Supreme Court's online records library. *See* https://perma.cc/3E78-ZV9L (live page) (captured Feb. 21, 2021).

[4] *See* https://perma.cc/54W9-E7JZ (live page) (captured Feb. 21, 2021).

### 1. The dismissal of Green's complaint with leave to amend

Defendants' motion to dismiss Green's complaint was referred to a magistrate judge, who recommended granting the motion with leave to amend. *Green v. Dep't of Educ.*, 2019 U.S. Dist. LEXIS 127545 (S.D.N.Y. Jul. 31, 2019) (*Green II*). Construing the complaint liberally with the special solicitude owed pro se litigants, the magistrate found that Green had alleged, in addition to his state law claims, Fourteenth Amendment procedural due process and equal protection claims, a First Amendment retaliation claim, and "stigma plus" and "class of one" claims. *Green II*, at *9, 18-19. Most of these claims failed, the magistrate explained, because the complaint did not allege an unconstitutional municipal policy or practice but rather that the DOE had singled out Green for mistreatment. *Id.* at *19-23.

With respect to aspects of Green's procedural due process and equal protection claims, the magistrate assumed that Green had adequately alleged a municipal custom or policy and addressed those claims "on the merits." *Id.* at *22. The due process claim failed because, as his complaint made clear, Green received all the process due before a tenured public employee can be terminated: notice of the charges

5

against him, an explanation of the DOE's evidence, and an opportunity to present his side of the story. *Id*. at *25-27. The equal protection claim failed because the distinctions in the § 3020-a disciplinary process between teachers employed in New York City (who are not permitted to participate in the selection of an arbitrator) and those employed elsewhere in the state survived rational basis review. *Id*. at *27-31.

The magistrate concluded by recommending that the court decline to exercise supplemental jurisdiction over Green's state law claims and grant defendants' motion to dismiss with leave to amend the complaint. *Id*. at 34-36. The district court adopted the magistrate's report and recommendation in its entirety, dismissed the complaint for failure to state a claim, and granted Green leave to file an amended complaint. *Green v. Dep't of Educ.*, 2019 U.S. Dist. LEXIS 163313 (S.D.N.Y. Sep. 23, 2019) (*Green III*).

### 2. The dismissal of Green's amended complaint

Green filed an amended complaint (A66-83) that removed Fariña as a defendant and added his union, the United Federation of Teachers (UFT). The DOE and the UFT both moved to dismiss the amended complaint (ECF 43, 45). The motions were referred to the magistrate

6

who again recommended dismissal of the action—this time with prejudice. *Green v. Dep't of Educ.*, 2020 U.S. Dist. LEXIS 106441 (S.D.N.Y. June 17, 2020) (*Green IV*).

With respect to the federal § 1983 claims against the DOE, the magistrate construed Green's amended complaint as "alleging (1) a First Amendment retaliation claim; (2) a Fourteenth Amendment procedural due process claim regarding the manner in which his section 3020-a hearing was conducted; (3) an Equal Protection claim under the Fourteenth Amendment based on the termination procedures for New York City teachers in comparison to other New York teachers; and (4) a due process 'stigma plus' claim based on Green's claims of reputational harm." *Green IV,* at * 8-9 (cleaned up).[5] As the magistrate determined, the amended complaint failed to cure the defects in the original.

The First Amendment retaliation claim failed to state a *Monell* municipal liability claim against the DOE. *Id*. at *10-11. The new conclusory allegation that the DOE and UFT "target black male teachers who speak out while teaching" (A68) was "nowhere near

---

[5] This brief uses "(cleaned up)" to indicate that internal quotation marks, alterations, and citations have been omitted from quotations.

7

sufficient to allege that an official policy of the municipality caused the constitutional injury, as is required for a [*Monell*] claim." *Id*. at *11 (cleaned up). The procedural due process claim failed because Green had not alleged any new facts in the amended complaint that would alter the court's prior determination that Green had received all the process he was due. *Id*. at *11-12. The equal protection claim failed for the same reason—Green had not alleged any new facts that would alter the court's determination that distinctions between teachers employed in New York City and those employed elsewhere in the state withstood rational basis scrutiny. *Id*. at *13.

Finally, the magistrate also considered a seemingly new equal protection claim asserted by Green in his opposition to the motions to dismiss the amended complaint. *Id*. at 15-17. However, to the extent Green alleged that Black teachers were subject to harsher discipline for internet misconduct than white or Asian teachers, he failed to show "a custom or policy implemented by the City." *Id*. at 16-17. There was, the magistrate explained, "no connection alleged between an official policymaker and the particular mechanism under attack: that is, the meting out of discipline by section 3020-a hearing officers." *Id*. at 17.

8

The district court adopted the magistrate's report and recommendation in its entirety, dismissed Green's federal claims with prejudice, declined to exercise supplemental jurisdiction over Green's state law claims, and dismissed those claims without prejudice to refiling in state court. *Green v. Dep't of Educ.*, 2020 U.S. Dist. LEXIS 181005 (S.D.N.Y. Sep. 30, 2020) (*Green V*). This appeal followed (ECF 72 (judgment); ECF 73 (notice of appeal)).

## SUMMARY OF ARGUMENT

As narrowed on appeal, Green asserts three § 1983 claims against the DOE: procedural due process and equal protection claims under the Fourteenth Amendment, and a First Amendment retaliation claim.[6]

The due process claim fails because Green received all the process to which he, as a public employee, was constitutionally entitled: notice of the charges against him, an explanation of the DOE's evidence, and

---

[6] Green has not pursued his stigma-plus claim on appeal. *See Washington v. New York City Dep't of Educ.,* 740 F. App'x 730, 733, n. 1 (2d Cir. 2018) (summary order) (argument not pursued by appellant in opening brief waived for purposes of the appeal); *McCarthy v. SEC*, 406 F.3d 179, 186 (2d Cir. 2005) ("arguments not raised in an appellant's opening brief … are not properly before an appellate court even when the same arguments were raised in the trial court"). In any event, Green's stigma-plus claim was properly dismissed for the reasons cogently articulated by the district court. *See Green II*, 2019 U.S. Dist. LEXIS 127545 at *32-35; *Green IV*, 2020 U.S. Dist. LEXIS 106441 at *13-16.

9

an opportunity to present his side of the story. The equal protection claim fails because there is a rational basis for the distinctions New York's statutory scheme for teacher discipline makes between tenured teachers employed in New York City and those elsewhere in the state. The First Amendment claim fails because Green's cursory and conclusory allegations of policy, practice and custom are not sufficient to state a *Monell* claim against the DOE.

## ARGUMENT

### GREEN FAILED TO STATE A COGNIZABLE CONSTITUTIONAL CLAIM AGAINST THE DEPARTMENT OF EDUCATION

This Court reviews de novo the grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

### A. Green's due process claim was properly dismissed.

Before a tenured public employee like Green can be terminated he "is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). Here, Green was provided written notice of the charges

against him and was represented by counsel in an extensive disciplinary hearing in which he was able to hear the DOE's evidence against him and present his own arguments and evidence. Due process does not require anything further. *Id.*; *see also Roemer v. Bd. of Educ.*, 150 F. App'x 38, 40 (2d Cir. 2005) (summary order) (Education Law § 3020-a "provides all the process due").

Green contends that his due process rights were violated because the probable cause determination initiating his § 3020-a proceeding was made by his principal rather than the school board (App. Br. 18-22). But there is no question that Green received notice of the charges against him as required under *Loudermill* (*see* A64, 101). That these charges "were not brought pursuant to vote of the school board" does not alter the constitutional analysis. *Adams v. N.Y. State Educ. Dep't*, 752 F. Supp. 2d 420, 456-57 (S.D.N.Y. 2010). And even if Green were correct (although he is not, *see* ECF 27-3) that New York's Education Law did not authorize the principal to initiate Green's disciplinary proceeding, this would not rise to the level of a constitutional violation. *See*, *e.g.*, *Powers v. Coe*, 728 F.2d 97, 105 (2d Cir. 1984) ("violations of state law alone are insufficient to state a claim for section 1983 relief").

**B. Green's equal protection claims were properly dismissed.**

New York's statutory scheme for the discipline of tenured teachers sets forth procedures for choosing an arbitrator to preside over a charged teacher's disciplinary hearing. Education Law § 3020-a(3)(a). Teachers are permitted to participate in the selection of the arbitrator, unless they are employed in a city with a population over one million that has alternative procedures for the selection of arbitrators. Education Law § 3020-a(3)(b)(ii)-(iii). For New York City, the only city in New York with a population over one million, the collective bargaining agreement between the DOE and the UFT has such alternative procedures under which teachers do not participate in the selection of arbitrators, providing instead for a permanent arbitration panel whose members are negotiated each year by the DOE and the UFT. *See Green II*, 2019 U.S. Dist. LEXIS 127545 at *12.

This distinction between teachers employed in New York City and teachers in the rest of the state does not violate equal protection because it passes highly deferential rational basis review. New York City teachers do not constitute a suspect class. *See*, *e.g.*, *Massachusetts Bd. of Ret. v. Murgia*, 427 U.S. 307, 313 (1976). Green accordingly, to

12

state an equal protection claim, must negate "every conceivable basis which might support" the disparate treatment of City teachers and non-City teachers. *Madden v. Kentucky*, 309 U.S. 83, 88 (1940). Green, however, has not stated, and cannot state, an equal protection claim on that basis. Indeed, this Court has previously summarily rejected a facial challenge to Education Law § 3020-a because "there is no indication that the law denies equal protection to any class of individuals." *Roemer*, 150 F. App'x at 40.

Green's contention that Murphy "discriminated against him on the basis of race" also fails to state an equal protection claim (App. Br. 22-26). Hearing officers such as Murphy have absolute immunity from § 1983 claims. *See, e.g.*, *Jacobs v. Mostow*, 271 F. App'x 85, 88 (2d Cir. 2008) (summary order). And even if Murphy were a DOE employee (she is not), the DOE cannot be held liable under § 1983 on the basis of respondeat superior. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 693-94 (1978). Nor has Green adequately alleged that the DOE has a policy or practice of subjecting Black teachers to harsher discipline for internet misconduct than white or Asian teachers. He simply references two § 3020-a disciplinary proceedings involving non-

Black teachers where different hearing officers reviewing different facts reached different conclusions and assessed different penalties (App. Br. 6, 24). That hardly constitutes a policy or custom attributable to the DOE that caused his alleged constitutional injuries.

### C. Green's First Amendment retaliation claim was properly dismissed.

Green does not engage with the district court's determination that he failed to adequately allege a policy or practice of First Amendment retaliation against Black male teachers. Instead, he appears to have simply reproduced verbatim most of this Court's opinion, including the dissent, in *Weintraub v. Board of Education*, 593 F.3d 196 (2d Cir. 2010) (*see* App. Br. 26-39). This alone is grounds to affirm the district court's dismissal of his First Amendment retaliation claim. Moreover, in addition to not adequately alleging municipal liability, Green's First Amendment claim fails for two additional reasons.

First, speech "that principally focuses on an issue that is personal in nature and generally related to [the speaker's] own situation, or that is calculated to redress personal grievances—even if touching on a matter of general importance—does not qualify for First Amendment

14

protections." *Montero v. City of Yonkers*, 890 F.3d 386, 399-400 (2d Cir. 2018) (cleaned up). Here, the speech that Green claims prompted retaliation falls squarely in this category (*see, e.g.*, A84-85 (complaints about allegedly improper appointment of Coop Tech's principal and three other administrators that tangentially mention racism)).

And second, the findings of a § 3020-a hearing have preclusive effect. *See Burkybile v. Bd. of Educ.*, 411 F.3d 306, 311 (2d Cir. 2005). Here, Hearing Officer Murphy found that the DOE had just cause to terminate Green and did not initiate the § 3020-a disciplinary proceeding to retaliate against him for allegedly exposing racism and corruption at Coop Tech (ECF 22 at 39; ECF 54-9 at 115-18). Those findings thus preclude Green from demonstrating the required causal nexus between activity protected by the First Amendment and his termination. *See, e.g.*, *Roemer*, 150 F. App'x at 39-40 (First Amendment retaliation claim failed as a matter of law where panel presiding over plaintiff's § 3020-a hearing found that he was terminated for cause).

## CONCLUSION

This Court should affirm the district court's judgment.

Dated:  New York, NY
        February 23, 2021

                      Respectfully submitted,

                      JAMES E. JOHNSON
                      *Corporation Counsel*
                      *of the City of New York*
                      Attorney for Municipal Appellee

By: *Jonathan A. Popolow*
                      JONATHAN A. POPOLOW
                      Assistant Corporation Counsel

                      100 Church Street
                      New York, NY 10007
                      212-356-4084
                      jpopolow@law.nyc.gov

JONATHAN A. POPOLOW
   *of Counsel*

16

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief was prepared using Microsoft Word 2010, and according to that software, it contains 2,977 words, not including the table of contents, table of authorities, this certificate, and the cover.

*Jonathan A. Popolow*

JONATHAN A. POPOLOW